850 So.2d 574 (2003)
Charles W. SAFFOLD, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-3648.
District Court of Appeal of Florida, Second District.
June 11, 2003.
Rehearing Denied July 17, 2003.
*575 SILBERMAN, Judge.
Charles Saffold appeals the trial court's order summarily denying his motion for postconviction DNA testing filed pursuant to section 925.11, Florida Statutes (2001), and Florida Rule of Criminal Procedure 3.853. We affirm because Saffold's motion did not satisfy the requirements of subsections (b)(1), (b)(3), and (b)(4) of rule 3.853.
We first note that under section 925.11(1)(a), a "person who has been tried and found guilty of committing a crime and has been sentenced by a court established by the laws of this state may petition that court" for postconviction DNA testing. Saffold appears to meet this requirement because his motion asserted that in September 1982, after a trial, he was "convicted of an information charging five counts."
Next, rule 3.853 describes the information that must be contained in a motion for postconviction DNA testing. The motion must be made under oath, and it must include the following:
(1) a statement of the facts relied on in support of the motion, including a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained;
(2) a statement that the evidence was not tested previously for DNA, or a statement that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would produce a definitive result;
(3) a statement that the movant is innocent and how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA testing will mitigate the sentence received by the movant for that crime;
(4) a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received;
(5) a statement of any other facts relevant to the motion; and
(6) a certificate that a copy of the motion has been served on the prosecuting authority.
Fla. R.Crim. P. 3.853(b)(1)-(6).
Concerning the requirement under rule 3.853(b)(1), that a movant provide "a statement of the facts relied on," Saffold described the material to be tested as semen taken from a vaginal swabbing of the victim at Tampa General Hospital on August 13, 1980. He stated that the material was in the possession of the Florida Department of Law Enforcement in Tallahassee. Saffold also stated that he was convicted following a trial on a five-count information, but he did not identify the offenses of which he was convicted. He claimed that he was "innocent of this crime," but he did not identify the crime. And he alleged that there were three victims, but he did *576 not identify the victim from whom the swab was purportedly taken.
Saffold also failed to provide any details of the evidence that was introduced at trial except to say that the victims identified him and the composite sketch of the suspect, introduced by the State, did not resemble him. Saffold does not indicate whether he raised a misidentification defense or any other defenses at trial. See Marsh v. State, 812 So.2d 579 (Fla. 3d DCA 2002) (holding that movant was not entitled to DNA testing where defense at trial had been one of consensual sex, not identity).
Although not explicitly stated in subsection (b)(1) of the rule, the statement of the facts relied on should include, if possible, a brief summary of the primary evidence upon which the conviction was based and the theory of defense, if any, utilized by the movant at trial. If the movant does not include that information in the motion, it will be difficult for the movant to satisfy the requirements of subsections (b)(3) and (b)(4) of the rule. For example, without a summary of the evidence and any defense that was asserted, it is doubtful that the movant will be able to provide a facially sufficient statement of why identification was a genuinely disputed issue at trial or how DNA testing would exonerate the movant or mitigate the sentence that the movant received. See rule 3.853(b)(4). In the present case, because Saffold's statement of the facts was so lacking in detail that it did not even include the nature of the conviction or convictions he is challenging, we conclude that Saffold's motion was facially insufficient under subsection (b)(1) of the rule.
As to subsections (b)(3) and (b)(4), Saffold asserted the following: "Movant hereby submits that he is innocent of this crime. Further, DNA testing will exonerate movant and show that the semen obtained from the virgina [sic] swabbing of the victim does not match nor [sic] belong to movant." While Saffold alleged that he was "innocent of this crime," his motion indicated that he had been convicted of five offenses. The motion does not indicate to which of the five offenses his claim of innocence is directed, and it is unclear if he is referring to a single crime or perhaps a criminal episode.
Saffold also asserted several facts as reflecting that identification was a genuinely disputed issue. He claimed that shortly after the alleged crime, the victims could not pick him out of a photopack; that one of the victims testified during deposition that the suspect was wearing a mask, but she stated that she could identify her assailant; that all three victims observed Saffold at a hearing prior to trial, which enabled them to identify him at trial; and that the composite sketch of the suspect did not look like Saffold. However, Saffold did not allege that he employed a misidentification defense at trial or that there was no other evidence that he was the perpetrator of the offenses in question, apart from his identification by the victims.
While some leeway is afforded to the pleadings of pro se litigants, subsection (b)(3) of the rule requires Saffold to state his innocence of the crime and how DNA testing will exonerate him or will mitigate his sentence for that crime. Subsection (b)(4) requires him to state that identification is genuinely disputed and why identification is an issue, or provide an explanation of how the DNA evidence would exonerate him or mitigate his sentence. Other than asserting general, conclusory information, Saffold has not shown how DNA testing will exonerate him from an unspecified crime or mitigate his sentence, or why identification is an issue in a case involving unspecified facts and a conviction of an unspecified crime.
*577 Without some information as to the primary evidence against him and any defense employed at trial, we conclude that Saffold's motion does not provide a facially sufficient statement to meet the requirements of subsections (b)(3) and (b)(4) of the rule.
The trial court correctly denied the motion, but it did so for the wrong reason. The trial court found as follows:
[A] review of the record demonstrates that the victims were able to positively identify Defendant as the attacker. (See letter from the Hillsborough County Sheriff's Office, criminal report, affidavits, attached.) Therefore, contrary to Defendant's assertion, identification is not a genuinely disputed issue in the case. As such, Defendant is not entitled to relief.
Rule 3.853(c)(2) states that upon receipt of the motion, the trial court "shall review the motion and deny it if it is insufficient." If the motion is sufficient, the prosecuting authority shall be ordered to respond. Rule 3.853(c)(3) states that after receiving the response, the trial court "shall review the response and enter an order on the merits of the motion or set the motion for hearing."
The fact that a movant was identified at trial by the victims does not itself lead to the conclusion that identification is not a disputed issue. In Zollman v. State, 820 So.2d 1059 (Fla. 2d DCA 2002), this court discussed rule 3.853 and what constitutes a sufficient allegation that identity was a genuinely disputed issue at trial. The court noted the lack of Florida case law on this issue and stated: "Cases from other states with a similar postconviction rule, however, make it clear that identity is a `genuinely disputed' issue when the only significant evidence connecting the defendant to the crime is the victim's identification of the defendant." Id. at 1062.
In Zollman, the trial court found that DNA testing of evidence would not exonerate Zollman because a partial fingerprint matching him had been located at the crime scene and the victim had identified Zollman as her assailant. Id. at 1061. On that basis, the trial court ruled that Zollman's allegations seeking testing of the contents of a rape kit and other items were insufficient under rule 3.853. Id. On appeal, this court concluded that Zollman's motion was facially sufficient and that the trial court erred by determining, without any response to the motion by the State, that a hearing was not required. Id. at 1063. We noted that a trial court may not summarily deny the motion even when the record conclusively shows that the defendant is not entitled to relief; if the motion is facially sufficient, the trial court must order the State to respond. Id. at 1063 n. 2. Once the response is received, the trial court may enter an order on the merits or it may set the motion for hearing. Id.
Here, the trial court addressed the merits of the motion without first determining whether the allegations in the motion were facially sufficient and without requiring a response from the State as required under rule 3.853(c)(2).[1] However, because Saffold's motion was facially insufficient, we affirm. Our affirmance is without prejudice to any right Saffold might have to file a facially sufficient rule 3.853 motion within *578 sixty days from the date of the issuance of the mandate in this case.
Affirmed.
WHATLEY and STRINGER, JJ., Concur.
NOTES
[1] Saffold's motion and the trial court's order denying it, together with the attachments to the order, constitute the entire record that we have in this case. Although it is premature to consider what may be required to determine the merits of a facially sufficient motion, we note that after the State responds to any such motion the trial court may have to review the trial transcript, should it still be available, or it may have to conduct an evidentiary hearing.