907 So.2d 609 (2005)
Roberto FUENTES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-568.
District Court of Appeal of Florida, Third District.
July 20, 2005.
Roberto Fuentes, in proper person.
Charles J. Crist, Jr., Attorney General, and Michele Samaroo, Assistant Attorney General, for appellee.
Before LEVY, RAMIREZ, and ROTHENBERG, JJ.

ON MOTION FOR CLARIFICATION
ROTHENBERG, Judge.
Upon consideration of the State's Motion for Clarification, we grant the motion, *610 withdraw our opinion dated June 15, 2005, and substitute the following opinion in its place.
Roberto Fuentes, who is serving a sentence of five years in case number 83-2254 for an attempted burglary of a dwelling, twenty-five years for armed burglary with an assault and involuntary sexual battery, and fifteen years for a lewd assault (on a minor) in case number 83-2255, appeals the denial of his second request for DNA testing. We affirm.
The arrest affidavits reflect that at approximately 2:30 a.m. on January 1, 1983, the defendant, who was a migrant laborer, was seen by witnesses attempting to gain entry into a residence, unit # 38204 located at the Everglades Laborer Camp. He fled after being observed by these witnesses removing window screens and attempting to open windows to the bedroom, the kitchen, and near the front door. After fleeing unit # 38204, the defendant forcibly entered a second residence, unit # 38200, through a bedroom window where he found a woman and her six-year-old daughter sleeping. The defendant lowered the child's panties to her knees and was fondling her vaginal area, when her mother awoke and confronted him. Brandishing a twelve-inch two-pronged fork, the defendant ordered the mother to remove her clothes threatening to kill her if she did not comply. In fear for her life and that of her children, she complied and was forcibly raped. When the defendant attempted to move the victims to an adjacent room, the mother escaped through a window. When the defendant caught her, she struggled with him and screamed for help. Two police officers who were in the area heard her screams and came to assist. The officers chased the defendant and apprehended him. The defendant was positively identified by the victims, the witnesses of both incidents, and the two police officers.
On April 11, 1983, the defendant, who was represented by counsel, pled guilty to the charges with the understanding that the court would order a presentence evaluation, which the court would consider in determining the sentence it would impose. The defendant was potentially facing two life sentences plus an additional twenty years of incarceration. After considering the presentence investigation, the trial court sentenced the defendant to twenty-five years on each life felony, fifteen years on the lewd assault, and five years on the attempted burglary, all sentences to run concurrently.
On September 29, 1987, the defendant filed a motion to vacate the judgment and sentence, alleging several grounds including that he entered into his plea without full knowledge of the consequences, and that his plea was as a result of ineffective assistance of counsel. That motion was denied on October 16, 1987. On March 29, 1989, the defendant filed a motion for rehearing, which was denied on May 16, 1991. On October 27, 2003, the defendant filed a motion for DNA testing which was denied on November 26, 2003, and on July 27, 2004, the trial court denied the defendant's second request for DNA testing.
Pursuant to Florida Rule of Criminal Procedure 3.853, a motion for postconviction DNA testing must include:
(1) a statement of the facts relied on in support of the motion, including a description of the physical evidence containing DNA to be tested ...;
. . .
(3) a statement that the movant is innocent and how the DNA testing requested... will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA *611 testing will mitigate the sentence received by the movant for that crime;
(4) a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received;
As the defendant has clearly not met his burden pursuant to Florida Rule of Criminal Procedure 3.853, the trial court properly denied the defendant's request for DNA testing. He alleges no facts in support of his motion, and he does not identify or even suggest that there are any items which may contain DNA evidence other than a vial of his semen apparently taken by law enforcement after his arrest. The defendant does not allege that there were any items or samples taken from either scene or any victim or, if taken, that they might contain DNA. While the defendant does claim he is innocent, he does not state how the testing of his own semen sample would be useful. Additionally, the defendant does not claim that identification was a genuinely disputed issue, nor can he, as he pled guilty and was apprehended by law enforcement as he was fleeing from the second scene and the witnesses and victims of both scenes positively identified him. See Cole v. State, 895 So.2d 398, 402 (Fla.2004)("`[p]ursuant to Florida Rule of Criminal Procedure 3.853, the defendant must allege with specificity how the DNA testing of each item requested to be tested would give rise to a reasonable probability of acquittal or a lesser sentence'")(quoting Robinson v. State, 865 So.2d 1259, 1264-65 (Fla.)), cert. denied, 540 U.S. 1171, 124 S.Ct. 1196, 157 L.Ed.2d 1224, and cert. denied, 540 U.S. 1171, 124 S.Ct. 1197, 157 L.Ed.2d 1225 (2004); Hitchcock v. State, 866 So.2d 23 (Fla.2004).
Additionally, we note that the defendant pled guilty to each of these offenses. A review of the plea colloquy reflects that the defendant was asked whether he was entering his plea of guilty freely and voluntarily; whether he had sufficient time to discuss his plea with his attorney; whether he was satisfied with his attorney's services; and whether he understood he was giving up his right to a trial by a jury, his right to confront the witnesses against him, and his right to appeal. To each question he replied "yes." Thereafter, the trial court asked the defendant (as to case number 83-2254):
Mr. Fuentes, are you specifically admitting, sir, that on January 1, 1983, you burglarized the dwelling of Mariano Ornelas at 19400 S.W. 376th Street, Circle F, number 38204....
. . .
Migrant Worker Camp. With the intent to steal, contrary to the Florida law?
The defendant replied "yes." As to case number 83-2255, the trial court then asked the defendant as follows:
Are you specifically admitting that on the same date, January 1, 1983, you burglarized the dwelling of [L.G.] at 19400 S.W. 376th Street, number 38200, Circle F, at [sic] that time you were armed with a dangerous weapon, to-wit: a fork, and that you threatened to assault [L.G.] with a fork and your intent in breaking into that apartment was to commit sexual battery, and that on that same date you did commit sexual battery upon [L.G.], without her consent, and on that same date you committed a lewd and lascivious or indecent assault upon [L.G.'s daughter], who was then of the age of six years old, contrary to the *612 Florida law, using a fork to threaten them with?
The defendant again replied "Yes."
The above quoted colloquy clearly indicates that the defendant voluntarily entered a plea of guilty to each of the charges and admitted under oath that he committed each offense. The defendant, therefore, cannot seek postconviction DNA testing based upon section 925.11(1)(a), Florida Statutes (2004), which provides that "[a] person who has been tried and found guilty of committing a crime" may petition the sentencing court to order DNA testing. § 925.11(1)(a), Fla. Stat (2004)(emphasis added); Reed v. State, 874 So.2d 648 (Fla. 3d DCA 2004)("`[A] defendant who enters a plea of guilty or nolo contendere may not seek postconviction DNA testing based on the language of [section 925.11(1)(a), Florida Statutes].'") (quoting Smith v. State, 854 So.2d 684, 685 (Fla. 2d DCA 2003)).
Affirmed.