919 So.2d 573 (2006)
Shellman C. PETERSON, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D05-2649.
District Court of Appeal of Florida, Third District.
January 11, 2006.
*574 Shellman C. Peterson, in proper person.
Charles J. Crist, Jr., Attorney General, for appellee.
Before COPE, C.J., and GERSTEN and SUAREZ, JJ.
COPE, C.J.
Shellman C. Peterson appeals an order denying his petition for postconviction relief. We affirm.
Defendant-appellant Peterson filed a petition seeking postconviction relief, which the trial court properly treated as being a combined motion to correct illegal sentence under Florida Rule of Criminal Procedure 3.800(a), a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, and a motion for DNA testing under Florida Rule of Criminal Procedure 3.853.[1]
We affirm, on the basis of the order below, the denial of relief under Rules 3.800(a) and 3.850.
We affirm the denial of DNA testing under Rule 3.853, but grant leave for the defendant to file an amended motion.
The trial court denied relief in part based on the conclusion that the defendant had failed to allege all the requirements found in subparagraphs 925.11(2)(a)3. and 4., Florida Statutes (2005). For convenience we will refer to the counterpart requirements found in Rule 3.853(b)(3) and (4), which require, among other things, a statement of "how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement of how the DNA testing will mitigate the sentence received by the movant for that crime. . . ." Id. R. 3.853(b)(3). See also id. R. 3.853(b)(4). We agree with the trial court that the defendant's motion does not sufficiently spell out his theory of how the DNA testing may exonerate him. We therefore conclude that this part of the motion was legally insufficient, but grant leave to file an amended motion.
We comment briefly on the other reasons given by the trial court for denying relief. Respectfully, the other reasons misinterpreted the pleading requirements for a Rule 3.853 motion.
The trial court stated that the motion was insufficient because the defendant had not shown that any of the physical evidence that may contain DNA still exists. Order at 3. The trial court was incorrect on this point. The requirements for a Rule 3.853 motion are spelled out in Rule 3.853(b). The motion must contain "a statement of the facts relied on in support of the motion, including a description of the physical evidence containing DNA to be tested and, if known, the present location or last known location of the evidence and how it originally was obtained. . . ." In this case the defendant has described the physical evidence to be tested. The defendant *575 is to allege the present location of the evidence only if that information is known to the defendant.
In the present case the defendant did not allege the current location of the evidence and did not allege that such information is unknown to the defendant. The trial court has the discretion to dismiss the motion for failure to plead either the present location of the evidence or, alternatively, that the present location is unknown to the defendant. If the court takes this course, however, the court must grant the defendant leave to replead.
The trial court also denied the petition because it did not allege "that the results of the DNA testing of the physical evidence would be admissible at trial and it has not been shown whether reliable proof exists to establish that the evidence containing the tested DNA is authentic and would be admissible at a future hearing." Again, these are not elements which the defendant is required to allege in the Rule 3.853 motion. See id. R. 3.853(b). The question of existence, authenticity, and admissibility will ordinarily be addressed in the State's response. See id. R. 3.853(c)(3).
For the stated reasons, we affirm the trial court's order. With respect to the defendant's request for DNA testing, we grant leave for the defendant to file an amended motion.
Affirmed.
NOTES
[1] The defendant's petition was entitled "Petition for Writ of Habeas Corpus or in the Alternative a 3.850, 3.800 Motion for Post-conviction Relief or A Motion for D.N.A. Examination."