*908
 
 COPE, J.
 

 This is an appeal of an order denying a motion for postconviction DNA testing under Florida Rule of Criminal Procedure 3.853. We agree with the State that the motion filed by defendant-appellant Leonard Taylor does not adequately explain “how the DNA testing requested by the motion will exonerate the movant of the crime for which the movant was sentenced, or a statement how the DNA testing will mitigate the sentence received by the mov-ant for that crime[.]” Fla. R.Crim. P. 3.853(b)(3).
 
 See Helton v. State,
 
 947 So.2d 495, 497-98 (Fla. 3d DCA 2006);
 
 Peterson v. State,
 
 919 So.2d 573, 574 (Fla. 3d DCA 2006);
 
 Fuentes v. State,
 
 907 So.2d 609, 611 (Fla. 3d DCA 2005);
 
 Saffold v. State,
 
 850 So.2d 574 (Fla. 2d DCA 2003);
 
 see also Lott v. State,
 
 931 So.2d 807, 820-21 (Fla.2006);
 
 Hitchcock v. State,
 
 866 So.2d 23, 27-28 (Fla.2004).
 

 The trial court summarily denied the defendant’s claim without making the findings required by Rule 3.853(c)(5). Under the circumstances of this case, however, we decline to remand the matter for further findings. That is so because the defendant’s motion was filed under the mailbox rule on April 26, 2006. The defendant maintains that he filed an amended motion on May 31, 2006. This was prior to the issuance of the trial court’s order. However, the trial court docket does not reflect that the amended motion was ever received by the trial court.
 

 We therefore
 
 affirm
 
 the denial of the April 2006 motion, without prejudice to the defendant to file an amended motion, which he unsuccessfully previously attempted to do. In any amended motion the defendant must address with particularity how the proposed DNA testing will exonerate the movant or mitigate the sentence.
 
 See
 
 Fla. R.Crim. P. 3.853(b)(3). The defendant must file his amended motion within sixty days of fche issuance of our mandate. See
 
 Peterson,
 
 919 So.2d at 574;
 
 Saffold,
 
 850 So.2d at 577-78.
 

 Affirmed.