*1051
 
 NORTHCUTT, Judge.
 

 A jury convicted Ricardo Gonzalez of lewd and lascivious battery based on a charge that he had sexual intercourse with a thirteen-year-old girl. Subsequently he filed a motion for postconviction DNA testing pursuant to Florida Rule of Criminal Procedure 3.853. The circuit court summarily denied the motion as facially insufficient. We reverse and remand for further proceedings.
 

 Rule 3.853(b) prescribes the required contents of a motion for posteonvietion DNA testing. The postconviction court found that Gonzalez’s motion was facially insufficient because he did not allege his innocence and how the evidence would exonerate him, or allege that his identity was a genuinely disputed issue in the case.
 
 See
 
 Fla. R.Crim. P. 3.853(b)(3), (4).
 

 To determine whether the allegations in a motion for DNA testing are facially sufficient under rule 3.853(b), the court must consider the facts of the particular crime for which the movant was convicted.
 
 Helton v. State,
 
 947 So.2d 495, 498 (Fla. 3d DCA 2006). The crime charged in this case did not involve multiple perpetrators or multiple victims; either Gonzalez had sexual intercourse with the victim or he did not. His motion asserted his innocence and stated that several hours after the alleged intercourse occurred the victim was taken to a hospital where evidence was obtained through a “rape kit” procedure.
 
 [1]
 
 He alleged that the State never sought samples of his DNA and never processed the rape kit evidence. He insisted that if his DNA were compared with the evidence in the rape kit, he would be exonerated of all criminal charges.
 
 Cf. Bates v. State,
 
 3 So.3d 1091, 1099-1100 (Fla.2009) (recognizing that the results of a DNA test for semen in a victim’s vagina could be critical evidence in a rape prosecution). Under the facts of this case, Gonzalez’s motion was facially sufficient under rule 3.853(b)(3).
 

 The motion was also facially sufficient under rule 3.853(b)(4). That rule is written in the alternative: the movant must allege that identification is a genuinely disputed issue
 
 or
 
 he must explain how the DNA evidence would exonerate him. As the court in
 
 Crow v. State,
 
 866 So.2d 1257 (Fla. 1st DCA 2004), explained, the
 
 *1052
 
 rule of procedure governing DNA testing is broader than the statute addressing the same subject matter. Section 925.11(2)(a)(4), Florida Statutes (2007), mandates that a motion allege “identification of the defendant is a genuinely disputed issue in the case, and why it is an issue.” The
 
 Crow
 
 court thoroughly analyzed why the rule of procedure controls over the statute and we agree with its reasoning. Although Gonzalez’s motion did not allege that identification was an issue, it did, as previously discussed, explain how DNA testing would exonerate him. Accordingly, the motion was facially sufficient under rule 8.853(b)(4).
 

 We reverse the postconviction court’s denial of Gonzalez’s motion and remand for further proceedings under rule 8.853(c).
 

 KELLY and MORRIS, JJ„ Concur.
 

 [1]
 

 . While Gonzalez's motion sought DNA testing of various items of physical evidence, for purposes of our analysis we need only discuss the rape kit.