NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JOSEPH BING,                                    )
                                               )
            Appellant,                          )
                                               )
v.                                             )          Case No. 2D17-4952
                                               )
STATE OF FLORIDA,                               )
                                               )
            Appellee.                           )
                                               )
_____)

Opinion filed December 12, 2018.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Manatee County; Hunter W. Carroll, Judge.

Joseph Bing, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Peter Koclanes, Assistant
Attorney General, Tampa, for Appellee.


BADALAMENTI, Judge.

            Joseph Bing appeals the summary denial of his motion for postconviction

DNA testing filed under Florida Rule of Criminal Procedure 3.853.  Although the

postconviction court erred by denying Bing's motion based on his failure to satisfy rule

3.853(b)(4), we nevertheless affirm because Bing's motion failed to satisfy rule

3.853(b)(2)'s requirements.  We therefore affirm without prejudice to Bing for any right

he may have to file a facially sufficient rule 3.853 motion.

While Bing's allegations were inartfully presented, we conclude that they were facially sufficient to satisfy the requirements set forth in rule 3.853(b)(4). Rule 3.853(b)(4) states that a motion for DNA testing must include "a statement that identification of the movant is a genuinely disputed issue in the case and why it is an issue or an explanation of how the DNA evidence would either exonerate the defendant or mitigate the sentence that the movant received." Fla. R. Crim. P. 3.853(b)(4) (emphasis added); see also Gonzalez v. State, 41 So. 3d 1050, 1051 (Fla. 2d DCA 2010) ("[Rule 3.853(b)(4)] is written in the alternative: the movant must allege that identification is a genuinely disputed issue or he must explain how the DNA evidence would exonerate him."). Bing's allegations were facially sufficient to satisfy rule 3.853(b)(4) because Bing averred that he was linked to the crime only by the victim's identification of him as the perpetrator. See Zollman v. State, 820 So. 2d 1059, 1062 (Fla. 2d DCA 2002) ("[I]dentity is a 'genuinely disputed' issue when the only significant evidence connecting the defendant to the crime is the victim's identification of the defendant."). Alternatively, Bing's allegations were facially sufficient to satisfy rule 3.853(b)(4) because Bing asserted that DNA testing would demonstrate that another particular person was the actual perpetrator, thus exonerating him.

Although we hold that Bing's motion was facially sufficient under rule 3.853(b)(4), Bing failed to include any allegations that would satisfy rule 3.853(b)(2)'s requirement that he provide

> a statement that the evidence was not previously tested for DNA, or a statement that the results of previous DNA testing were inconclusive and that subsequent scientific developments in DNA testing techniques likely would

produce a definitive result establishing that the movant is not the person who committed the crime.

Fla. R. Crim. P. 3.853(b)(2).

Accordingly, we affirm without prejudice to any right Bing may have to file a facially sufficient rule 3.853 motion.  Any such motion should not be considered successive.  See Harvey v. State, 925 So. 2d 1111, 1111 (Fla. 2d DCA 2006); Lemay v. State, 921 So. 2d 853, 854 (Fla. 2d DCA 2006).

Affirmed.


NORTHCUTT and SILBERMAN, JJ., Concur.