DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

NAHSHON MANTRELL SHANNON,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D2026-0359

_____

June 12, 2026

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court for Hillsborough County; Elizabeth G. Rice, Judge.

Nahshon Mantrell Shannon, pro se.

PER CURIAM.

Nahshon Mantrell Shannon appeals the postconviction court's order denying his motion for postconviction DNA testing filed under Florida Rule of Criminal Procedure 3.853.  We reverse.

Mr. Shannon sought DNA testing of a white choker with a charm. He alleged that the item had not previously been tested for DNA, that the State used the item at trial to connect him to the offense, and that DNA testing of the item would exonerate him.  The postconviction court found the motion facially sufficient and ordered the State to respond.

After receiving the State's response, the postconviction court denied the motion under rule 3.853(c)(5)(C), concluding that there was no reasonable probability that Mr. Shannon would have been acquitted or received a lesser sentence if DNA testing of the item had been admitted at trial. In doing so, the postconviction court relied on trial evidence that it concluded conclusively refuted Mr. Shannon's claim; but it did not attach the portions of the record supporting that conclusion.

When a postconviction court summarily denies a rule 3.853 motion based on the record, it must attach the portions of the record that conclusively show the movant is not entitled to relief. *See Holmes v. State*, 292 So. 3d 1246, 1247 (Fla. 1st DCA 2020). Because the postconviction court denied Mr. Shannon's motion based on trial record evidence without attaching the relevant portions of the record, we cannot review the stated basis for the denial.

We also note that Mr. Shannon's motion was facially insufficient as it did not sufficiently explain how DNA testing of the choker would exonerate him or mitigate his sentence. *See* Fla. R. Crim. P. 3.853(b)(3), (4); *Scott v. State*, 46 So. 3d 529, 533 (Fla. 2009). But the postconviction court did not deny the motion as facially insufficient under rule 3.853(c)(2). It instead found the motion facially sufficient and denied it on the merits. However, a facially insufficient rule 3.853 motion ordinarily should be denied or dismissed without prejudice to the movant's filing of a facially sufficient motion. *See Bing v. State*, 268 So. 3d 192, 193 (Fla. 2d DCA 2018); *Bain v. State*, 963 So. 2d 913, 914 (Fla. 2d DCA 2007).

Accordingly, we reverse and remand. On remand, the postconviction court may again deny the motion under rule 3.853(c)(5)(C) if it attaches the portions of the record conclusively showing that Mr.

2

Shannon is not entitled to relief. Alternatively, if the postconviction court is unable to attach records conclusively showing that Mr. Shannon is not entitled to relief, it may deny or dismiss the motion without prejudice to Mr. Shannon's filing of a facially sufficient rule 3.853 motion. Any such motion should not be treated as successive.

Reversed and remanded.

NORTHCUTT, BLACK, and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.